JOSEPH WALKER CONSTRUCTION COMPANY, Appellant, *v.* THE DELAWARE AND HUDSON COMPANY, Respondent.

Third Department, July 2, 1917.

**Railroad — negligence — injury to steam roller by passing freight train — evidence not justifying recovery — when station agent has no authority to give assurance that trains are not approaching — railroad furnishing car placed upon siding gives no implied license to block main line — when engineer not bound to foresee that main track may be blocked by proximity of steam roller — appeal.**

Where a steam roller which the plaintiff was loading upon a freight car on a siding for the purposes of transportation was struck and injured by an unscheduled freight train moving on the main track, a recovery cannot be based upon the fact that the defendant's station agent assured the plaintiff that no train was coming which would interfere with the process of loading the steam roller upon the car, if the agent had nothing whatever to do with the operation of trains and his office contained no telegraph through which orders for the operation of trains were transmitted.

The defendant by placing a car upon a siding to be loaded with the plaintiff's steam roller did not give an implied license to the plaintiff to block the main track.

Nor was the engineer of the defendant's locomotive bound to anticipate the presence of a steam roller upon or so near the main track that his engine would collide with it, owing to the fact that the plaintiff's employees had miscalculated the amount of clearance which should have been left.

Where no reversible error was made by the trial court and that court would have been justified in dismissing the complaint, it did not enlarge the plaintiff's rights by submitting the questions of negligence and contributory negligence to the jury.

KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the plaintiff, Joseph Walker Construction Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 18th day of January, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of January, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Ainsworth, Carlisle & Sullivan* [*John N. Carlisle* of counsel], for the appellant.

*Lewis E. Carr,* for the respondent.

Woodward, J.:

The complaint alleges that the plaintiff and defendant are corporations; that on the 21st day of June, 1916, the plaintiff was the owner of a certain steam roller, which it desired transported by the defendant; that the defendant placed a car upon its tracks and " while the plaintiff was engaged in moving said roller upon the property of the defendant, for the purpose of placing the same upon said freight car so placed, as aforesaid, the defendant, its officers, agents and servants, carelessly and negligently moved a train of cars and engine over its tracks and said engine struck said steam roller and greatly damaged and destroyed the same." It then alleges that this result was caused without any negligence on the part of the plaintiff, and the damages, and demands judgment for $1,300. The answer admits the incorporations alleged, and that the plaintiff was the owner of the steam roller, and that it placed a car for the purpose of enabling the plaintiff to load the same, denying all of the other material allegations of the complaint, except that the plaintiff had demanded payment of the alleged damages and that the defendant had refused the same.

Upon the trial the evidence disclosed that the defendant had placed a car upon a siding, some twenty feet from a highway crossing in Beekmantown, for the purpose of enabling the plaintiff to load its steam roller; that the plaintiff, through its agents and servants, had erected an incline leading into the end of the flat car, and that after waiting for some scheduled trains to pass, the roller was placed horizontally with the defendant's main track, with the intention of using another steam roller's power to draw the roller up this incline to the platform of the car. The distance between the main track and the siding appears to have been about eight feet, and the alleged negligence of the defendant appears to be predicated upon the fact, if it be a fact, that the defendant's station agent gave some assurances that there would be no other trains to pass, and that the roller might be loaded, and that while the plaintiff's roller was standing between the switch and the main track an unscheduled freight train came along and some overhanging part of the locomotive struck the roller, doing the damage complained of. No evidence

whatever was given to show that the train was improperly run; no negligence ·is suggested in the manner of operating the train, which was the only allegation of negligence contained in the complaint, but it is urged that the defendant's station agent, in indicating that the work of loading the roller might proceed, was in the position of giving assurance that there would be no train to interfere, and that it was negligent for the defendant to permit its freight train to come along in the ordinary manner of operating its railroad while this work of loading was in progress, and the court sent the case to the jury to determine the questions of negligence on the part of the defendant, and of lack of contributory negligence on the part of the plaintiff. The jury found a verdict of no cause of action, and the plaintiff appeals.

We are unable to discover reversible error; the court would have been justified in dismissing the complaint, and in submitting the questions to the jury it did not enlarge the plaintiff's rights. The evidence was undisputed that the defendant's station agent had nothing whatever to do with the operation of trains; that his office was not a telegraph office through which orders for the operation of the railroad were transmitted, and the train which did the damage appears to have been operated in the usual manner, being known as a non-scheduled freight train, which passed the station anywhere between the hours of two and five in the afternoon. The defendant, in placing a car upon one of its sidings to be loaded, did not give an implied license to block its main line by the plaintiff, and it is evident, from the fact that there was only a slight point of contact, that plaintiff's employees simply miscalculated the distance required for the operation of the main line, and did not allow sufficiently for the overhang of all parts of the locomotive. It is equally obvious that the engineer of the defendant's locomotive was not bound to anticipate the presence of a steam roller upon or near the tracks of the defendant at this point, and that, even if he had discovered its presence, he would not have been called upon to anticipate that the plaintiff had miscalculated the distance, or that it would not have time to give a clear right of way. Indeed, it was in evidence that the plaintiff's employees, on discovering the on-coming train,

made an effort to move the roller out of the way, but were prevented from doing so by the breaking of a chain, and the fairest inference from the evidence is that it was not until this accident happened that any effort was made to warn the engineer of the approaching train. We are wholly unable to discover any actionable negligence on the part of the defendant, and we share in the attitude of the trial court who erred, if at all, in giving the plaintiff an opportunity to go to the jury upon its own uncontradicted evidence.

The judgment and order appealed from should be affirmed, with costs.

All concurred, except KELLOGG, P. J., and LYON, J., dissenting.

Judgment and order affirmed, with costs.